394 S.E.2d 761

**Jessie L. LOWE and Ronald Lowe**

v.

**NATIONAL MICROGRAPHICS SYSTEMS OF WEST VIRGINIA, INC.**

**No. 18794.**

Supreme Court of Appeals of West Virginia.

June 21, 1990.

---

Braun A. Hamstead, Mark Jenkinson, Hamstead & Associates, Charles Town, for Jessie L. Lowe.

Brickford Brown, Lewis, Ciccarello & Friedberg, F. Samuel Byrer, Charles Town, for National Micrographics Systems of WV.

**PER CURIAM:**

Jessie L. Lowe and her husband, Ronald, appeal from the denial of their motion for a new trial following the return of a verdict in favor of appellee, National Micrographics Systems of West Virginia, Inc. (National Micrographics) on a claim of negligence arising out of a work-related injury sustained by Mrs. Lowe. Appellants cite as error the introduction of evidence regarding Mrs. Lowe's receipt of $87,705.43 in workers' compensation benefits. They maintain that under W.Va.Code § 23–2–8 (1985),[1] National Micrographics was not entitled to a set-off of the compensation benefits since the employer was not a subscrib-

---

1. West Virginia Code § 23–2–8 prevents non-subscribing employers from availing themselves of certain common-law defenses and holds the non-subscribing employers liable for personal injuries sustained in the course of employment under certain circumstances. That section provides in its entirety:

All employers required by this chapter to subscribe to and pay premiums into the workmen's [workers'] compensation fund, except the State of West Virginia, the governmental agencies or departments created by it, and municipalities and political subdivisions of the State, and who do not subscribe to and pay premiums into the workmen's compensation fund as required by this chapter and have not elected to pay individually and directly or from benefit funds compensation and expenses to injured employees or fatally injured employees' dependents under the provisions of section nine [§ 23–2–9] of this article, or having so subscribed or elected, shall be in default in the payment of same, or not having otherwise fully complied with the provisions of section five or section nine [§ 23–2–5 or 23–2–9] of this article, shall be liable to their employees (within the meaning of this article) for all damages suffered by reason of personal injuries sustained in the course of employment caused by the wrongful act, neglect or default of the employer or any of the employer's officers, agents or employees while acting within the scope of their employment and in the course of their employment and also to the personal representatives of such employees where death results from such personal injuries, and in any action by any such employee or personal representative thereof, such defendant shall not avail himself of the following common-law defenses: The defense of the fellow-servant rule; the defense of the assumption of risk; or the defense of contributory negligence; and further shall not avail himself of any defense that the negligence in question was that of someone whose duties are prescribed by statute: Provided, that such provision depriving a defendant employer of certain common-law defenses under the circumstances therein set forth shall not apply to an action brought against a county court,

er to the Fund at the time of Mrs. Lowe's injury. We need not address the issue of statutory interpretation, however, because appellants waived any objection to the admissibility of compensation benefits by failing to object to the introduction of this evidence at trial.

On March 23, 1983, Mrs. Lowe, a secretary-office assistant for National Micrographics, discovered that the lab area containing microfilmed documents was flooded. She and other employees undertook the task of moving boxes away from the flooded area. After setting one box down, Mrs. Lowe discovered that she could not return to a standing position. When Mrs. Lowe filed a workers' compensation claim in connection with her back injury, she was notified that National Micrographics was not a subscriber to the Fund.

Appellants instituted suit against National Micrographics pursuant to W.Va.Code § 23-2-8 which permits an employee to sue an employer under common law negligence when the employer is not a subscriber to the Fund. On March 3, 1988, a jury returned a verdict against appellants, finding that National Micrographics had not been negligent with regard to Ms. Lowe. This appeal was filed following the Circuit Court of Jefferson County's denial of appellants' motion for a new trial.

■ Despite the fact that National Microographics was not a subscriber to the Fund, Mrs. Lowe received workers' compensation benefits pursuant to W.Va.Code § 23-2-5(g) (1985). That section specifically states that: "No employee of an employer required by this chapter to subscribe to the workers' compensation fund shall be denied benefits provided by this chapter because the employer failed to subscribe or because the employer's account is either delinquent or in default." W.Va.Code § 23-2-5(g). When National Micrographics moved for the admission into evidence of Defendants' Exhibit No. 1—a document which set forth the workers' compensation benefits which Mrs. Lowe had received, appellants stated "No objection, your honor." The court then went on to note that the exhibit was being offered by stipulation of counsel.

■ It is axiomatic that "[o]bjections to the introduction of evidence not made in the trial court cannot be raised or considered in the appellate court." *Korzun v. Shahan,* 151 W.Va. 243, 253, 151 S.E.2d 287, 294 (1966). Moreover, "[a]n error in the admission of evidence not objected to by the defendant is deemed waived by him." Syl. Pt. 10, *State v. Bragg,* 140 W.Va. 585, 87 S.E.2d 689 (1955). By failing to object when Defendant's Exhibit No. 1 was introduced in evidence, appellants thereby waived any objections to the document and its contents. This case falls squarely within our decision in *State Road Comm'n v. Ferguson,* 148 W.Va. 742, 137 S.E.2d 206 (1964) where we ruled that: "Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal." *Id.* at Syl. Pt. 1.

While the record before this Court does not contain a transcript of the pretrial conference, National Micrographics acknowledges in its brief that appellants noted their objection during the conference to introducing evidence regarding the workers' compensation benefits at trial. As we noted in *State v. Neal,* 179 W.Va. 705, 371 S.E.2d 633 (1988), "[p]retrial objections, not renewed at trial, are waived." *Id.* 179 W.Va. at 710, 371 S.E.2d at 638–39 n. 7 (citing *State v. Linkous,* 177 W.Va. 621, 355 S.E.2d 410, 414 (1987)). Quite simply, appellants' failure to object to the admissibility of Defendant's Exhibit No. 1 at trial precludes them from raising the issue of that document's admissibility at the appellate level.

Based upon the foregoing, the order of the Circuit Court of Jefferson County is hereby affirmed.

Affirmed.

---

board of education, municipality, or other political subdivision of the state or against

any employer not required to cover his employees under the provisions of this chapter.